```
UNITED STATES DISTRICT COURT                    NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FRANTZ OLIVIER,
                                                 FILED
                                          IN CLERK'S OFFICE
                Plaintiff,              U.S. DISTRICT COURT E.D.N.Y.

        -against-                       ★ MAY 12 2006 ★    MEMORANDUM
                                                           AND ORDER
UNITED STATES GOVERNMENT,                 BROOKLYN OFFICE
                                                            05-CV-5970 (ERK)
                Defendant.
-----------------------------------------------------------X
```

KORMAN, Ch. J.:

Plaintiff Frantz Olivier, a resident of Brooklyn, New York and appearing *pro se*, brings this fee-paid action under 42 U.S.C. § 1983, alleging that his civil rights were violated when he was prosecuted and sentenced to 63 months for narcotics possession in 2002.[1] Compl. ¶¶ 3-4; see United States v. Olivier, No. 01-CR-0111 (FB) (E.D.N.Y.). Plaintiff requests $5 million in damages "for time loss in Federal Prison and the wrongful conviction given and a clearance of all records on file." Id. ¶ 5. On April 4, 2006, plaintiff filed a motion for default judgment. For the reasons set forth below, I dismiss this action for want of jurisdiction.

Standard of Review

In reviewing plaintiff's complaint, I am mindful that because plaintiff is proceeding *pro se*, his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980). However, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. See, e.g., Rene v. Citibank, N.A., 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* plaintiff's

---

[1] On February 1, 2006, this matter was reassigned to me from the Honorable Frederic Block.

complaint for lack of subject matter jurisdiction).

Bivens/Section 1983

Although plaintiff invokes this Court's jurisdiction pursuant to 42 U.S.C. § 1983, I construe his complaint under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971), which governs violations by persons acting under color of federal law and is analogous to § 1983, which governs actions against persons acting under color of state law. See Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995) ("federal courts typically incorporate § 1983 law into Bivens actions"). See, generally, Butz v. Economou, 438 U.S. 478, 504 (1978) (no distinction for purposes of immunity law between Bivens and § 1983 claims); Polanco v. U.S. DEA, 158 F.3d 647, 653 (2d Cir. 1998) (same statute of limitation applies to Bivens and § 1983 claims).

42 U.S.C. § 1983 provides, in pertinent part:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured ... ."

"Section 1983 itself creates no substantive rights, [but] ... only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citing Oklahoma City v. Tuttle, 471 U.S. 808 (1985)).

Sovereign Immunity

Plaintiff names the United States Government as defendant. In the body of his complaint, plaintiff also states: "Defendant is the Federal Bureau of Prison[s], a United States Government agency." Compl. ¶ 2. Nevertheless, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) (citing Loeffler v. Frank, 486 U.S. 549, 554 (1988) and Federal Hous. Admin. v. Burr, 309 U.S. 242, 244

(1940)). See United States v. Sherwood, 312 U.S. 584, 586 (1941); Morales v. United States, 38 F.3d 659, 660 (2d Cir. 1994). A waiver of sovereign immunity cannot be implied, but must be expressed explicitly by Congress. United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992). Such a waiver is a jurisdictional prerequisite to obtaining relief. United States v. Mitchell, 463 U.S. 206, 212 (1983). Here, there is no consent by statute or other means permitting a Bivens/Section 1983 claim to be brought against the United States or the Federal Bureau of Prisons. Therefore, I dismiss plaintiff's complaint, as the Court is without jurisdiction to hear his Bivens/Section 1983 claim. See id. See also Keene Corp. v. United States, 700 F.2d 836, 845 n. 13 (2d Cir. 1983) ("Bivens authorizes suits against the responsible federal official ... , not against the government itself, and Bivens-type actions against the United States are ... routinely dismissed for lack of subject matter jurisdiction.") (citations omitted); Norwood v. Esmoor, Inc., No. 95 Civ. 8281(LAP), 1997 WL 65913, at *3 (S.D.N.Y. Feb. 13, 1997) ("[T]he United States has not waived its sovereign immunity with respect to damages claims arising from constitutional torts ... ."). Plaintiff's motion for default judgment is likewise denied.

Conclusion

Accordingly, the action is dismissed for want of jurisdiction. Fed. R. Civ. P. 12(h)(3). I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/Edward R. Korman
Edward R. Korman
United States District Judge

Dated:
Brooklyn, New York
5/10/06

3